IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

William J. Boarman, as President and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association, and the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association
1900 L Street, N.W.
Washington, D.C. 20036,
And
Gerald H. Deneau, as Secretary and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association, and the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association
1900 L Street, N.W.
Washington, D.C. 20036,
Plaintiffs
v.
ProForma Print Marketing
1201 Society Drive
Claymont, Delaware 19703
and
Total Printing Systems
P.O. Box 375
Newton, Illinois 62448,
and
Delaware Transit Corporation
400 South Madison Street
Wilmington, Delaware 19801,
Defendants

Civil Action No. 05-393

2005 JUN 14 PM

## COMPLAINT

Plaintiffs, William J. Boarman, as President of and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, Gerald H.

Deneau, as Secretary of and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, and the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association, complaining of Defendants, state as follows:

**JURISDICTION AND PARTIES**

1. This action arises under 15 U.S.C. Sections 1114, 1116, 1117, 1118, 1121 and 1125(a), and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. This action also arises under the laws of the State of Delaware, including but not limited to, the Delaware Trademark Act, 60 Del. Laws, c. 612, § 1, et sN., and this Court has jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff William J. Boarman is, and, at all times relevant hereto was, the duly elected, qualified and acting President of the International Allied Printing Trades Association (hereinafter "IAPTA" or "International Allied"). Plaintiff Boarman brings this action in his capacity as President of the IAPTA and on behalf of and for the use of the membership of IAPTA

4. Gerald H. Deneau is and, at all times relevant hereto was, a resident of the Commonwealth of Virginia, and the duly elected, qualified and acting Secretary of the International Allied Printing Trades Association (hereinafter "IAPTA" or "International Allied"). Plaintiff Deneau brings this action in his capacity as Secretary of the IAPTA and on behalf of and for the use of the membership of IAPTA.

5. Upon information and belief, Defendant ProForma Print Marketing (hereinafter "ProForma"), is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1201 Society Drive, Claymont, Delaware 19703.

6. Upon information and belief, Defendant Total Printing Systems (hereinafter "TPS"), is a corporation organized and existing under the laws of Illinois, with its principal place of business at P.O. Box 375, Newton, Illinois 62448.

7. Defendants ProForma and TPS are companies engaged in the printing business, including the preparation and duplication of printed products, printing, finishing and distribution of such printed products, including but not limited to collective bargaining agreements and are engaged in an industry affecting commerce within the meaning of Sections 2(6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(6) and (7).

8. Defendant Delaware Transit Corporation ("DART") is a corporation that provides public transportation services throughout the state of Delaware and maintains a principal place of business at 400 South Madison Street, Wilmington, Delaware 19801.

**FEDERAL CLAIMS**

**COUNT I: TRADEMARK INFRINGEMENT**

9. Plaintiff IAPTA is the owner of a certain trade, service or collective mark, adopted by it and used by it since 1989, to identify goods produced and services rendered by members of Locals of International printing unions, affiliated with the IAPTA and employed by such persons and firms licensed and authorized by the IAPTA to use such mark, under working conditions approved by the affiliated International printing unions, to distinguish such goods and services from goods and services rendered by others who do not employ members of Local Unions of the affiliated International printing unions or under conditions not approved by such Local Unions. IAPTA has never abandoned any of its rights to use such trade, service or collective mark, but on the contrary, has diligently protected its right.

10. Said mark, as set forth and described herein in paragraph 9 and Count I of Plaintiffs' Complaint, is duly registered by IAPTA on the Principal Register maintained by the United States Patent Office, Registration Number 507,088, pursuant to the provisions of an Act of Congress, July 5, 1946, c. 540, Title I, Section 1, 60 Stat. 427, as amended, 15 U.S.C. § 1051, et seq. A copy of the Certificate of Registration, containing an accurate facsimile of same mark, is attached hereto, marked "Exhibit 1," and, by reference, made a part hereof for all purposes.

11. Union labels, colloquially known as "union bugs" in almost all industries, are well known and familiar to members of the general public. They signify that the product which bears the label has been produced entirely by members of a union, working under terms and conditions negotiated between their union and their employer and embodied in a collective bargaining agreement. A union label is a valuable identification on a product, since it induces potential customers who wish to purchase products produced by members of a union in the United States to ask for and purchase the product with the label rather than a competing product without the

Most, if not all, of the fifty states specifically protect union labels from wrongful manufacture, use, counterfeiting or imitation. The State of Delaware provides such protection pursuant to the Delaware Trademark Act, 60 Dela. Laws, c. 612, § 1, et seq.

12. IAPTA authorizes and assigns printing establishments, which have an underlying collective bargaining agreement with Local Unions of International Unions affiliated with IAPTA, to use the Allied Label by issuing an Allied Label License Agreement. By this Agreement, the company is assigned an Allied Label and Shop Number which appears on all printed products produced by that company under conditions in conformity with the Allied Label License Agreement.

13. Defendants ProForma and TPS were never licensed by IAPTA to use the Allied Printing Trades Union Label.

14. Defendants ProForma and TPS do not have and never have had a contract with a Local Union affiliated with IAPTA covering terms and conditions of their employees.

15. Upon information and belief, in 2004, Defendant ProForma accepted a printing job from the Delaware Transit Corporation (hereinafter "DART") to produce and distribute collective bargaining agreements between DART and a labor union, Amalgamated Transit Union, Local 842. Upon information and belief, DART provided to ProForma a copy-ready cover of that collective bargaining agreement that contained what purported to be an Allied Printing Trades or similar Union Label.

16. Upon information and belief, ProForma subcontracted with Defendant TPS to produce that work.

17. Defendant ProForma accepted the work referred to in paragraph 15, knowing that it did not have the right to use the Allied Union Label and could not lawfully affix that label to such work.

18. Defendant TPS accepted the work referred to in paragraph 15, knowing that it did not have the right to use the Allied Union Label and could not lawfully affix that label to such work.

19. Sometime in April or May, 2004, TPS, using its employees, who were not members or covered by a contract with Locals of Internationals affiliated with IAPTA, prepared artwork or camera-ready copy of the job referred to in paragraph 15 and shipped the finished product to Defendant ProForma in the State of Delaware. Upon information and belief, this camera ready copy bore an imitation of the Allied Union Label. TPS was paid $3,810.76 by ProForma for that work.

20. Defendant ProForma, in turn, delivered the collective bargaining contracts to DART and was paid $3,083.32 by DART.

21. Defendants ProForma and TPS, with intent to mislead their customers, used the camera ready copy and caused a facsimile of an Allied Union Label to be affixed to their customers' work, knowing that the production work performed on such job was performed by Defendant TPS' employees and therefore could not bear an Allied Union Label.

22. By the acts complained of in paragraphs 13 through 21, Defendants DART, ProForma and TPS, without the consent of the IAPTA, have used in commerce, reproduced, counterfeit, copied or duplicated colorable imitations of the aforesaid IAPTA mark, owned by the IAPTA, in connection with the sale, offering of sale, distribution, or advertising of goods and services which likely caused confusion, mistake, or deception, contrary to the provisions of 15 U.S. C. § 1114(a).

23. The acts alleged in paragraphs 13 through 21 were committed by Defendants DART, ProForma and TPS with knowledge of the IAPTA's ownership and registration of the said mark, and the conditions for use of said mark, and with knowledge that such improper and unauthorized use was and is likely to cause confusion, or to cause mistake or to deceive and with the deliberate intention of causing confusion, or to cause mistake or to deceive.

24. The aforesaid wrongful acts by Defendants DART, ProForma and TPS have caused and are causing grievous and irreparable injury to the IAPTA, and its members, damage to the trade and craft reputation of the IAPTA and its members, the weakening of the distinctive quality of the said IAPTA mark, all of which damage is impossible to precisely compute. Plaintiffs Gerald H. Deneau and IAPTA are therefore without adequate remedy at law.

25. Unless enjoined by this Court, said wrongful acts will continue to cause serious and irreparable injury to the IAPTA and its members.

**COUNT II - FALSE DESIGNATIONS**

**OF ORIGIN AND FALSE DESCRIPTIONS**

26. Plaintiffs reallege and incorporate by reference paragraphs 1-25 of Count I as though fully set forth herein.

27. By the acts complained of in paragraphs 13 through 21 of Count I of Plaintiffs' Complaint, Defendants DART, ProForma and TPS, without the consent of the IAPTA, have or caused to have affixed, applied, annexed and used, in connection with goods and services, false designations of origin and false descriptions and representations, including the aforesaid lAPTA mark owned by the IAPTA, tending falsely to describe or represent the same, have caused such goods and services to enter into commerce and with knowledge of the above-described falsity of such designation of origin, description and representation, have caused and procured the same to be transported or used in commerce, and have

delivered the same to carriers to be transported or used in commerce, all contrary to the provisions of 15 U.S.C. § 1125(a).

28. The acts alleged in paragraphs 13 through 21 hereof were committed by Defendants DART, ProForma and TPS with knowledge of the IAPTA's ownership and registration of the said mark, and the conditions for use of said mark, and with knowledge that such improper and unauthorized use was and is likely to cause confusion, or to cause mistake or to deceive, and with the deliberate intention of causing confusion, or to cause mistake or to deceive.

29. The aforesaid wrongful acts by Defendants DART, ProForma and TPS have caused and are causing grievous and irreparable injury to the IAPTA and its members, damage to the trade and craft reputation of the IAPTA and its members, the weakening of the distinctive quality of the said IAPTA mark, all of which damage is impossible to precisely compute. Plaintiffs Gerald H. Deneau and IAPTA are therefore without adequate remedy at law.

30. Unless enjoined by this Court, said wrongful acts will continue to cause serious and irreparable injury to the IAPTA and its members.

WHEREFORE, Plaintiffs pray as follows, pursuant to 15 U.S.C. Sections 1114, 1115, 1116, 1117, 1118, 1121 and 1125 (a):

A. That this Court issue an order declaring that Defendants DART, ProForma and TPS have infringed the trademarks of Plaintiff IAPTA by affixing or causing to be affixed the Allied Union Label to work produced by Defendants in violation of 15 U.S.C. Sections 1114, 1116, 1117, 1118, 1121 and 1125(a).

B. That Defendants DART, ProForma and TPS be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

(i) using in commerce reproduced, counterfeit, copied or colorable imitations of the aforesaid IAPTA mark, owned by the IAPTA, without the consent of the IAPTA, in connection with the sale, distribution or advertising of goods and services which likely will cause confusion, mistake or deception; or

(ii) affixing, applying, annexing or causing the affixing, applying or annexing, or using, in connection with any goods or services, any false description or false representation, including the aforesaid IAPTA Union label owned by the IAPTA, without the consent of the IAPTA, tending falsely to describe or represent the same, causing such goods or services to enter into commerce, causing or procuring the same to be transported or used in commerce, or delivering the same to any carrier to be transported; or

(iii) in any other manner violating or infringing the rights of the IAPTA and its members in said mark.

C. That Defendants DART, ProForma and TPS be ordered to file with this Court and serve upon Plaintiffs Gerald H. Deneau and IAPTA within ten (10) days after service upon them of said injunction, a report, in writing and under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction;

D. That Defendants ProForma and TPS be ordered to notify in writing each of their customers on whose printed products they have used the Allied Union Label that they were not entitled to use such mark, and to provide copies of each such written notification to the Plaintiffs.

E. That this Court further order that all labels, signs, prints, packages, wrappers, receptacles, advertisements, plates, films, lays, screens, and other equipment, materials and printed matter in the possession of Defendants DART, ProForma and TPS bearing any reproduction, counterfeit, copy or colorable imitation of said mark owned by the IAPTA, and all plates, molds matrices, films, lays, screens

and other means of making the same, be delivered up by Defendants to an officer of the Court or to the IAPTA to be destroyed.

F. That Defendants ProForma and TPS be ordered to account to Plaintiffs for all profits derived by Defendants by reason of the wrongful use of said marks owned by IAPTA, and, upon such accounting, to pay to Plaintiffs three times such profits, or such other damages as are found by the Court to be just, plus prejudgment interest, as set forth in 15 U. S.C. Section 1117.

G. That Plaintiffs be awarded their costs of suit, including reasonable attorneys' fees.

H. That the Court award such other and further relief as it may deem just, equitable and proper under the circumstances.

**STATE LAW CLAIM**

**COUNT III - MISUSE OF INSIGNIA**

31. Plaintiffs re-allege and incorporate by reference paragraphs 1-25 of Count I and paragraphs 26 -30 of Count II as though fully set forth herein.

32. The IAPTA mark, as set forth and described in paragraphs 9 and 10 of this Complaint, has been duly registered by IAPTA pursuant The Delaware Trademark Act, 60 Del. Laws, c. 612, § 1, et seg. A copy of the Certificate of Registration is attached hereto, marked "Exhibit 2," and by this reference is made a part hereof for all purposes.

33. By the acts complained of in paragraphs 13 through 21 of Count I of the Complaint, Defendants DART, ProForma and TPS, without the consent of the IAPTA, have used the IAPTA Union Label on work performed by their employees who were not represented by or members of Locals of the International Unions affiliated with IAPTA, knowing that the use of such fraudulent mark was intended to be used to cause confusion or to deceive those viewing it, contrary to Section 3312 of the Delaware

Trademark Act, 60 Del. Laws, c. 612, § 12, thereby entitling Plaintiffs to injunctive relief pursuant to Section 3314 of that law.

34. The aforesaid wrongful acts by Defendants DART, ProForma and TPS have caused and are causing grievous and irreparable injury to the IAPTA and its members, damage to the trade and craft reputation of the IAPTA and its members, and dilution of the distinctive quality of the said mark, all of which damage is impossible of precise computation. Plaintiffs are therefore without adequate remedy at law.

35. Unless enjoined by this Court, said wrongful acts will continue to cause serious and irreparable injury to the IAPTA and its members.

36. The injunctive relief provided by Section 3314 is in addition to, and not exclusive of, the remedies otherwise available against the same conduct under the common law or other statutes of this State.

WHEREFORE, Plaintiffs pray as follows, pursuant to the Delaware Trademark Act, as well as the common law:

A. That this Court issue an order declaring that Defendants have misused the insignia of Plaintiff IAPTA by affixing or causing the Allied Union Label to work produced and distributed by Defendants in violation of the Delaware Trademark Act, 60 Del. Laws, c. 612, § 1, et se q.

B. That Defendants be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

(i) using, selling or distributing in commerce in any manner or for any other purpose, any reproduction, counterfeit, copy or confusingly similar imitation of said mark, owned and registered by the IAPTA, without the consent of the IAPTA, in connection with the sale, offering for sale, distribution, or advertising of goods or services;

(ii) reproducing, counterfeiting, copying or creating or causing the reproducing, counterfeiting, copying or creating of confusingly similar imitations of said mark, or applying, or causing to be applied, without the consent of the IAPTA, any reproduction, counterfeit, copy or confusingly similar imitation thereof to labels, signs, prints, packages, wrappers, receptacles, advertisements, or other articles intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of goods or services;

(iii) affixing, applying, annexing or using, or causing the affixing, applying, annexing or using, in connection with any goods or services, or any container or containers for goods, any false description or false representation, including the aforesaid marks owed by the IAPTA, without the consent of the IAPTA, tending to falsely describe or represent the same, causing such goods or services to enter into commerce, causing or procuring the same to be transported or used in commerce, or delivering the same to any carrier to be transported; or

(iv) in any other manner violating or infringing the rights of the IAPTA and its members in said marks.

C. That Defendants DART, ProForma and TPS be ordered to file with this Court and serve upon Plaintiffs within ten (10) days after the service upon them of said injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction.

D. That Defendants ProForma and TPS be ordered to notify in writing each of their customers on whose printed products they have used the Allied Union labels which were not produced by persons represented by the IAPTA or IAPTA members, they were not entitled to use the Allied Union labels, and to provide copies of each such written notification to the Plaintiffs.

E. That the Court further order that all labels, signs, prints, packages, wrappers, receptacles, advertisements, plates, films, lays, screens, and other equipment, materials and printed matter in the possession of Defendants DART, ProForma and TPS, bearing any reproduction, counterfeit, copy or confusingly similar imitation of said mark owned by IAPTA, and all plates, molds, matrices, films, lays, screens and other means of making the same, be delivered up by Defendants to an officer of the Court or to the IAPTA to be destroyed.

F. That Defendants ProForma and TPS be ordered to account to Plaintiffs for all profits derived by said Defendants by reason of wrongful use of said marks and, upon such accounting, to pay to Plaintiffs all such profits as damages.

G. That judgment be entered in favor of Plaintiffs against Defendants DART, ProForma and TPS for compensatory damages sustained by the IAPTA and their members by reasons of the wrongful acts of Defendants DART, ProForma and TPS aforesaid, in addition to costs and attorneys' fees, and any other relief deemed just by this Court.

**LAW OFFICES OF JOSEPH RHOADES**

By: /s/Joseph J. Rhoades
P.O Box 874
1225 King Street, 12th Flr.
Wilmington, DE 19899

Dated: June 14, 2005

OF COUNSEL:

MARKOWITZ & RICHMAN

Thomas H. Kohn
PA Bar No. 35811
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
(215) 875-3100