## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| William J. BOARMAN, as President and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association, et al., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-393-GMS |
| PROFORMA PRINT MARKETING, TOTAL PRINTING SYSTEMS, and DELAWARE TRANSIT CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## STATE DEFENDANT DELAWARE TRANSIT CORPORATION'S
## BRIEF IN SUPPORT OF ITS
## <u>MOTION TO DISMISS</u>

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendant
Delaware Transit Corporation

Dated:  July 1, 2005

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . . . .    4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

1.      State Defendant Delaware Transit Corporation is immune from suit
        under the Eleventh Amendment of the United States Constitution . . .    8

        a.      Delaware Transit Corporation is an arm of the State
                of Delaware and protected by immunity . . . . . . . . . . . . . . .    8

        b.      Delaware Transit Corporation has not deprived Plaintiffs
                of a property interest cognizable under the
                Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

2.      State Defendant Delaware Transit Corporation is immune from suit
        under *College Savings Bank v. Florida Prepaid Postsecondary
        Educ. Expense Bd.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

3.      State Defendant Delaware Transit Corporation is immune
        from suit under the Delaware Trademark Act . . . . . . . . . . . . . . . .   15

4.      Plaintiffs failed to complete sufficient service of process . . . . . .   17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

<u>**TABLE OF CITATIONS**</u>

<u>Cases</u>                                                                                <u>Page(s)</u>

*Alden v. Maine,* 527 U.S. 706 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Barnhart v. Signon Coal Co., Inc.*, 534 U.S. 438 (2002) . . . . . . . . . . . . .   15

*Bell Atlantic—Delaware, Inc. v. McMahon*, 80 F.Supp.2d 218
 (D.Del. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Bd. of Directors of Sapphire Bay Condominiums West v.
Simpson*, 129 Fed.Appx. 711 (3$^d$ Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . .   9

*College Savings Bank v. Florida Prepaid Postsecondary Educ.
Expense Bd.*, 131 F.3d 353 (3$^d$ Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . .   12

*College Savings Bank v. Florida Prepaid Postsecondary Educ.
Expense Bd.*, 527 U.S. 666 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 8, 12, 13

*Dept. of Health and Social Services v. Crossan,*
424 A.2d 3 (Del. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

*Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.*, 40 F.3d 1431
(3$^d$ Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Edelman v. Jordan*, 415 U.S. 651 (1974) . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Fantasia Restaurant & Lounge, Inc. v. New Castle County Bd.
of Adjustment*, 735 A.2d  424 (Del. Super. 1998) . . . . . . . . . . . . . . . . . . .  15

*Internat'l. Assoc. of Machinists and Aerospace Workers, AFL-CIO  v.
Winship Green Nursing Ctr.*, 914 F.Supp. 651 (D.Me. 1996),
*aff'd on other grounds,* 103 F. 3d 196 (1st Cir. 1996) . . . . . . . . . . . . . . . .  10, 11

*Rubrick v. Security Instrument Corp.*, 766 A.2d 15 (Del. 2000) . . . . . . . .  15

*Turnbull v. Fink*, 668 A.2d 1370 (Del. 1995) . . . . . . . . . . . . . . . . . . . . . . .  9, 15

<u>Statutes</u>                                                              <u>Page(s)</u>

15 *U.S.C.* § 1114(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

15 *U.S.C.* § 1125(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 8, 10, 12,
                                                                            13, 14

2 *Del.C.* § 1303 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

2 *Del.C.* § 1307 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8, 14

2 *Del.C.* § 1329(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 16

6 *Del.C.* §§ 3301 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 8, 15, 16

10 *Del.C.* § 3103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 17

18 *Del.C.* § 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 16

<u>Rules</u>

Fed.R.Civ.Proc. 4(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

Fed.R.Civ.Proc. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8, 17, 18

Fed.R.Civ.Proc. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8, 18

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs William J. Boarman, President of the International Allied Printing Trades Association ("IAPTA"), Gerald H. Deneau, Secretary of IAPTA, and on behalf of IAPTA (collectively "Plaintiffs"), filed suit against three defendants:  (1) ProForma Print Marketing, a Delaware corporation, (2) Total Printing Systems, an Illinois corporation, and (3) Delaware Transit Corporation ("DTC").

DTC is an instrumentality of the State of Delaware and a division of the State of Delaware Department of Transportation ("DelDOT").

State Defendant DTC is filing this Motion to Dismiss the complaint in lieu of filing an Answer.

## SUMMARY OF ARGUMENT

1.   State Defendant Delaware Transit Corporation ("DTC") is immune from suit in Federal courts, except for causes of action arising out of Section V of the Fourteenth Amendment of the United States Constitution or for which DTC or the State of Delaware in its behalf, have consented to suit by a clear declaration of intent.  In this case, Plaintiffs have alleged no deprivation of property cognizable under the Fourteenth Amendment, and neither DTC nor the State of Delaware has consented to suit under 15 *U.S.C.* §§ 1051 *et seq.*

2.   State Defendant Delaware Transit Corporation is immune from suit under *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999). *Florida Prepaid* is dispositive in the case at bar as 15 *U.S.C.* § 1125(a), which purported to make the Lanham Act enforceable against the States, is unconstitutional as a violation of the Eleventh Amendment.

3.   State Defendant DTC is immune from suit under the Delaware Trademark Act, 6 *Del.C.* §§ 3301 *et seq.*  State Defendant DTC is immune under the law of the State of Delaware, except as provided by 18 *Del.C.* § 6511, which provides for State immunity from suit in excess of available insurance coverage, and 2 *Del.C.* § 1329(a), which provides that DTC is covered and protected by sovereign immunity for all claims beyond the scope or in excess of available coverage.

4.   Plaintiffs failed to complete sufficient service of process.  Plaintiff failed to serve a copy of the Complaint in this action on the Office of the Attorney General, Delaware Department of Justice in accordance with 10 *Del.C.* § 3103.

## STATEMENT OF FACTS

In or about August 2003, State Defendant Delaware Transit Corporation ("DTC") arranged with Defendant ProForma Print Marketing ("ProForma") to print 400 copies of a collective bargaining agreement booklet between DTC and Local 842 of the Amalgamated Transit Union ("Local 842"), the bargaining unit representing transit drivers employed by DTC. This arrangement was undertaken as a courtesy to Local 842, which reimbursed one half of the price of this print job. DTC is under no contractual obligation to arrange for the printing of copies, did not charge drivers for individual copies of the agreement, and realized no profit from the undertaking.

At all times relevant, DTC is a State instrumentality and has been and is engaged in the business of providing public transit services in Delaware. At no time has DTC engaged in the business of printing or providing printed materials to any member of the public; it does not operate a print shop.

The print job consists of a 79 page, stapled booklet, with a light blue heavy paper stock cover. The booklet cover bears the title "Agreement between Local 842 Amalgamated Transit Union, AFL-CIO Paratransit and Greater Dover Area Fixed Route and Delaware Transit Corporation, July 1, 2003 – June 30, 2008" and shows a design at the bottom center of the page. The design contains no writing referring to the International Allied Printing Trades Association or either a federal registration indicia or a "chapel number." The design appears to show an oval bisected with a horizontal bar, with the words "Union" and "Label" at the top and bottom of the oval respectively. A shield with the number "842" is in the center of the design. The horizontal bar contains no writing. To the best of DTC's knowledge, no person or entity, other than DTC union

6

transit drivers, received any copies of the booklet or any other printed material bearing the allegedly infringing design.

On or about June 15, 2005, Plaintiffs' Complaint and Summons was served on DTC's offices at 400 Madison Street, Wilmington, Delaware.   Neither then nor subsequently has a copy of Plaintiffs' Complaint and Summons been served on the Office of the Attorney General of the State of Delaware.

## ARGUMENT

State Defendant DTC moves to dismiss Plaintiffs' complaint, pursuant to Fed.R.Civ.Proc. 12(b)(6) because DTC is immune from suit under both the Lanham Act and the Delaware Trademark Act. Specifically, DTC, an instrumentality of the State of Delaware, is immune from suit under 15 *U.S.C.* § 1125(a). DTC has neither deprived Plaintiffs of a property interest nor consented to suit under the Lanham Act, either explicitly or implicitly, or under the Delaware Trademark Act, 6 *Del.C.* §§ 3301 *et seq*. Further, State Defendant DTC moves to dismiss Plaintiffs complaint, pursuant to Fed.R.Civ.Proc. 12(b)(5) as Plaintiffs failed to complete service on the State of Delaware, as required by Federal Rules and Delaware law.

**1.      State Defendant Delaware Transit Corporation is immune from suit under the Eleventh Amendment of the United States Constitution.**

The Eleventh Amendment to the United States Constitution immunizes States from suits brought by citizens in Federal courts, with only narrowly construed exceptions. Although the States may be sued in Federal court to enforce the Fourteenth Amendment and may consent to suit by voluntarily waiver, the States may not be compelled to submit to Federal courts in other matters. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (holding that 15 *U.S.C.* § 1125(a) was unconstitutional when applied to the States).

**a.      Delaware Transit Corporation is an arm of the State of Delaware and protected by immunity.**

Delaware Transit Corporation is an instrumentality of the State of Delaware. Section 1307, Title 2 of the *Delaware Code* provides that Delaware Transit Corporation is "[a] *public benefit corporation constituting a public instrumentality of the State*

8

*exercising public and essential governmental functions*." (emphasis added.) The State's sovereign immunity extends to its agencies and individual officials. *Bell Atlantic-Delaware, Inc. v. McMahon*, 80 F.Supp.2d 218, 229 (D.Del. 2000). The Delaware Supreme Court has recognized that DTC (referred in that case as "DART" or Delaware Administration for Regional Transit) is a State agency that is protected by the doctrine of sovereign immunity, unless such immunity has been waived. *Turnbull v. Fink*, 668 A.2d 1370, 1374 (Del. 1995).

> **b.   Delaware Transit Corporation has not deprived Plaintiffs of a property interest cognizable under the Fourteenth Amendment.**

The Lanham Act prohibits the "*use in commerce* [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, distribution, or advertising of any *goods or services*" and requires that "such use is *likely to cause confusion*." 15 *U.S.C.* § 1114(1)(a) (emphasis added). Likelihood of confusion is an essential element in a Lanham action. *Bd. of Directors of Sapphire Bay Condominiums West v. Simpson*, 129 Fed. Appx. 711 (3[d] Cir. 2005). It must be the customer that faces the likelihood of confusion in a transaction with a provider. Absent such confusion, there is no cause of action under the Lanham Act. In their complaint, Plaintiffs allege DTC, as ProForma's customer, provided ProForma with a copy-ready cover of the disputed design. D.I.1, ¶ 15. Plaintiffs have no cause of action under the Lanham Act because it is illogical that State Defendant DTC, as the customer, could confuse itself.

The purpose of the Lanham Act is to protect the goodwill[1] of a trademark holder and prevent customer confusion "to protect the ability of consumers to distinguish among competing producers." *Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.*, 40 F.3d 1431, 1446 (3ᵈ Cir. 1994). The use of a protected mark must be "in connection with [the provision of] any goods or services" as required by the Lanham Act. 15 *U.S.C.* § 1125(a); *see also Internat'l. Assoc. of Machinists and Aerospace Workers, AFL CIO v. Winship Green Nursing Ctr.*, 914 F.Supp. 651 (D. Me. 1996), *aff'd on other grounds*, 103 F.3d 196 (1ˢᵗ Cir. 1996). The circumstances surrounding Plaintiffs' complaint do not meet this requirement. The only commercial nexus State Defendant DTC had with the print job in question was as a customer, not as a provider of a good or service. Also, in general, the provision of artwork for a print job not intended for public distribution cannot jeopardize the goodwill or prevent consumers from distinguishing among competing producers. The use of such artwork, in such circumstances, is not likely to defeat an original mark holder's expectation of continued patronage by others or confuse an appreciable number of customers in distinguishing among competing producers. *Duraco Products, supra.*

Indeed, an employer's use of *an exact copy* of their employee's union bug outside of a commercial context was not a use of mark in the provision of goods or services and therefore, not a violation of the Lanham Act. *Internat'l. Assoc. of Machinists and Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 914 F.Supp. 651 (D. Me. 1996), *aff'd on other grounds,* 103 F.3d 196 (1ˢᵗ Cir. 1996). There, the First Circuit Court of Appeals held that an exact copy of a union bug used by an employer in anti-union

---

[1] Although the term has yielded different meanings, the short-hand definition of "goodwill" is taken to mean the expectation of continued patronage. *Newark Morning Ledger Co. v. United States*, 507 U.S. 546, 555 (1993).

propaganda was not likely to cause confusion among an appreciable number of recipients, which showing was necessary to meet the union's burden. *Id.,* 103 F.3d at 202-203.[2]  In the case at bar, the use of a design here does not come close to the use that the First Circuit found to be *not* actionable in *Winship Green Nursing Center* and falls outside the coverage of the Lanham Act.

Plaintiffs do not allege that State Defendant DTC utilized their mark, or any colorable imitation thereof, in any *commercial* activity relating to the sale or distribution of any goods or services, which use was likely to cause confusion among DTC's customers (DTC bus riders).  Assuming *arguendo* that DTC used a colorable imitation of Plaintiffs' mark — which DTC vehemently denies — Plaintiffs clearly allege that any use of any union bug was limited to the provision of copies of a booklet to DTC union employees through Local 842 of the Amalgamated Transit Union.  D.I. 1, ¶ 15.  The distribution of copies of a collective bargaining agreement cannot be considered a *commercial* activity under the Lanham Act.  By Plaintiffs' own allegations, the recipients of the copies of the agreement were DTC employees, not the general public; the use of some sort of design on a booklet cover was not likely to cause confusion to the general public by diminishing its ability to distinguish among competing producers of either transportation services (DTC's market) or printing services (Plaintiffs' market).   Such use was not likely to defeat Plaintiffs' expectations of continued patronage by any member of the general public.  Therefore, any alleged use by State Defendant DTC of an allegedly colorable imitation of Plaintiffs' mark did not violate any property interest cognizable under the Fourteenth Amendment.

---

[2] The Court of Appeals also remarked that union activity provided an "odd stage for playing out a Lanham Act drama."  *Internat'l. Assoc. of Machinists and Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103 F.3d at 202.

2.      **State Defendant Delaware Transit Corporation is immune from suit under** *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*

Section 1125(a) of Title 15 of the *United States Code* is unconstitutional as applied to the States for the misrepresentation of their products because § 1125(a) is neither an abrogation of State sovereign immunity nor an invitation to waiver of such immunity.  *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S at 669.   State Defendant DTC has not consented to suit by any "clear declaration" that it intends to submit to the jurisdiction of Federal courts for purposes of the Lanham Act.  Therefore, DTC is immune from suit for any alleged misrepresentation of the nature or quality of the printing of this agreement.  *Id*. at 676.

*Florida Prepaid* is dispositive in the case at bar.  In *Florida Prepaid*, College Savings Bank ("CSB"), a New Jersey bank and member of the FDIC, sued the Florida Prepaid Postsecondary Expense Board, an instrumentality of the State of Florida, for deceptive trade practices under the Lanham Act.   *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 131 F.3d 353, 355 (3$^d$ Cir. 1997).  Both CSB and the Florida institution marketed bank products designed to provide funds for the future costs of a college education. CSB alleged that Florida engaged in unfair competition in marketing its competing product by making misstatements in its promotional brochures and annual reports.  *Id*.  Florida moved to dismiss on the grounds that the decision in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) confined congressional authority to abrogate a State's Eleventh Amendment immunity to the limits of the Fourteenth Amendment's Enforcement Clause and implicitly overruled the constructive waiver doctrine.  *Id*. at 356.  The District Court agreed with Florida; the Third Circuit and the United States Supreme Court affirmed.

The U.S. Supreme Court held that 15 *U.S.C.* § 1125(a) was unconstitutional as applied to the States in cases where the State is alleged to have misrepresented its own product. The Court reasoned that any alleged misrepresentation did not violate the mark holder's property right, because there is no property right guaranteeing freedom from false advertising. *College Savings Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. at 673. Because the Court would need to find either a property-right violation or waiver by the State of its sovereign immunity and lacking the former, CSB was required to show that Florida had waived immunity. CSB failed to do so.

A State waives immunity either by voluntarily invoking the jurisdiction of the court or by making a "clear declaration" of its intent to do so. *Id*. The purpose of the clear declaration is to be certain that the State had actually consented to suit. *Id*. at 679. CSB offered no evidence of consent or clear intent; rather, it attempted to argue that Florida had waived immunity implicitly by engaging in an activity that brought it into competition with CSB.

The U.S. Supreme Court rejected this argument resoundingly. It reiterated that "[c]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights." *Id*. at 681 (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Indeed, "there is 'no place' for the doctrine of constructive waiver in our sovereign-immunity jurisprudence." *Id*. at 678. The Court defined "waiver" as the intentional relinquishment or abandonment of a known right or privilege. *Id*. at 682. Considering this, intent must be voluntary and must involve the relinquishment of a *known* right. Unintended waiver is a contradiction in terms.

Like the Florida Board, DTC has not consented to suit and is immune.

DTC is an arm of the State of Delaware. It is a public benefit corporation exercising public and essential governmental functions. 2 *Del.C.* § 1307(a). DTC is a division of the State of Delaware Department of Transportation ("DelDOT") and its Executive Director is appointed by and reports to the Cabinet Secretary of DelDOT. *Id.* DTC's budget is controlled by and subject to approval by the Delaware General Assembly and the Governor. DTC provides public transit services, including paratransit, within the State. 2 *Del.C.* § 1303.

Plaintiffs fail to allege or offer evidence that DTC, as a State agency, consented to suit. Absent evidence of a "clear declaration" of consent, Plaintiffs' suit against DTC for alleged violations under the Lanham Act must be dismissed.

For the reasons above, State Defendant DTC respectfully requests this Honorable Court to find that DTC is immune from suit under 15 *U.S.C.* § 1125(a) on the grounds of sovereign immunity and dismiss Plaintiffs' complaint.

3. **State Defendant Delaware Transit Corporation is immune from suit under the Delaware Trademark Act.**

The States' sovereign immunity is broader than that guaranteed by the Eleventh Amendment and an established doctrine in all the States at the time the Constitution was ratified. *Alden v. Maine*, 527 U.S. 706, 713 (1999). Sovereign immunity is "an absolute bar to liability claims against this State, unless a waiver has occurred." *Turnbull v. Fink*, 668 A.2d 1370, 1374 (Del. 1995). DTC (referred in that case as "DART") is a State agency. *Id.* Accordingly, Plaintiffs must prove that DTC or the State of Delaware on behalf of DTC, has waived sovereign immunity.

The provisions of the Delaware Trademark Act preclude suit against State Defendant DTC. This Act operates against any person found liable for infringement against any trademark or service mark entitled to registration under the Act. The statute defines "person" as "any individual, firm, partnership, corporation, association, union or other organization." 6 *Del.C.* § 3302(3). The statute is unambiguous and should not require statutory construction. *Rubrick v. Security Instrument Corp.*, 766 A.2d 15, 18 (Del. 2000); *see also Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438 (2002). However, under rules of statutory construction as interpreted by Delaware courts, that which is omitted or excluded from a particular description was intended to be omitted or excluded. *Fantasia Restaurant & Lounge, Inc. v. New Castle County Bd. of Adjustment*, 735 A.2d 424, 430 n. 15 (Del. Super. 1998). The term "government" or "the State," or some variety thereof, is not included in this definition. Unless there is clear evidence to the contrary, DTC, as a State instrumentality, does not come within the purview of the Delaware Trademark Act.

"A waiver of sovereign immunity extends only to the provisions of the Statute waiving it, and a general waiver of immunity will not be implied from a restricted one." *Dept. of Health and Social Services v. Crossan*, 424 A.2d 3, 5 (Del. 1980).  The State of Delaware's general waiver of immunity mandates that immunity will be waived "as to any risk or loss covered by the state insurance coverage program."  18 *Del.C.* § 6511. Further, DTC's enabling statute requires, in relevant part, that any DTC "operation, service, or program . . . not covered by a general liability policy, self-insurance or other insurance policy . . . shall be covered and protected by the doctrine of sovereign immunity of the State which shall be applicable to each of its agencies, administrations, [and] subsidiaries."  2 *Del.C.* § 1329(a).

State Defendant DTC is not liable for damages under the Delaware Trademark Act.  That Act provides that "the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such mark is intended to be used to cause confusion or to deceive."  6 *Del.C.* § 3312(2).  DTC was Defendant ProForma's customer in the transaction that is the subject of this litigation.  DTC cannot be held liable for intending to confuse or deceive itself.

For the reasons above, DTC respectfully requests this Honorable Court to find that DTC is immune from liability for any alleged violations of the Delaware Trademark Act, pursuant to 2 *Del.C.* § 1329(a) and 6 *Del.C.* §3312(2) and dismiss Plaintiffs' complaint.

**4.      Plaintiffs failed to complete sufficient service of process.**

A plaintiff must provide all defendants, including State defendants, with sufficient service of process. Fed.R.Civ. Proc. 12(b)(5).  Service on a State governmental organization shall be made on the chief executive officer or in "the manner  prescribed by the law of that state."  Fed.R.Civ. Proc. 4(j).  Delaware law provides for a precise manner for serving State instrumentalities:

> No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, . . . shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General.

10 *Del.C.* § 3103.

This requirement is precise. Plaintiffs failed to abide by it, which should not be countenanced by this Honorable Court, particularly when Plaintiffs make a claim against a State instrumentality.

For the reasons above, DTC respectfully requests this Honorable Court to find that Plaintiffs have not complied with service of process requirements and dismiss Plaintiffs' complaint.

## CONCLUSION

Based upon the foregoing arguments, Delaware Transit Corporation, an instrumentality of the State of Delaware, respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' complaint as Plaintiffs fail to allege or show that DTC or the State of Delaware in its behalf consented to suit under the Lanham Act or the Delaware Trademark Act, and allege no deprivation of property cognizable under the Fourteenth Amendment, thus failing to state a claim for which relief may be granted pursuant to Fed.R.Civ.Proc. 12(b)(6); and fail to complete sufficient service of process on a State instrumentality as required by the Federal Rules of Civil Procedure and Delaware law, pursuant to Fed.R.Civ.Proc. 12(b)(5).

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Laura L. Gerard
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendant
Delaware Transit Corporation

Dated:  July 1, 2005

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on July 1, 2005, she caused the attached State Defendant Delaware Transit Corporation's Brief in Support of its Motion to Dismiss to be electronically filed by CM/ECF and delivered to the following persons in the form and manner indicated:

NAME AND ADDRESS OF RECIPIENT(S):

Joseph J. Rhoades, Esquire
1225 King Street, 12th Floor
P.O. Box 874
Wilmington, DE 19801
Attorney for Plaintiffs

ProForma Print Marketing          Total Printing Systems
1201 Society Drive                P.O. Box 375
Claymont, DE 19703                Newton, IL 62448


MANNER OF DELIVERY:

        ____    One true copy by facsimile transmission to each recipient.

        _X_     Two true copies by first class mail, postage prepaid, to each recipient.

        ____    Two true copies by Federal Express.

        ____    Two true copies by hand delivery to each recipient.

                        STATE OF DELAWARE
                        DEPARTMENT OF JUSTICE


                        /s/ Laura L. Gerard
                        Laura L. Gerard (DE I.D. #3202)
                        Deputy Attorney General
                        Carvel State Office Building
                        820 North French Street, 6th Floor
                        Wilmington, DE 19801
                        Attorney for State Defendant
                        Delaware Transit Corporation

19