IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| William J. Boarman, as President and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association, and the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association<br>1900 L Street, N.W.<br>Washington, D.C. 20036<br><br>and<br><br>Gerald H. Deneau, as Secretary and on behalf of and for the use of the membership of the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association, and the INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION, an unincorporated association<br>1900 L Street, N.W.<br>Washington, D.C. 20036<br><br>Plantiffs<br><br>v.<br><br>ProForma Print Marketing<br>1201 Society Drive<br>Claymont, DE 19703<br><br>and<br><br>Total Printing Systems<br>P.O. Box 375<br>Newton, IL 62448<br><br>and | Civil Action No. 05-393 |

| | |
|---|---|
| **Delaware Transit Corporation**<br>**400 South Madison Street**<br>**Wilmington, DE 19801**<br><br>         **Defendants** | :<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT PROFORMA PRINT MARKETING'S
## ANSWER TO THE PLAINTIFFS' COMPLAINT

Defendant ProForma Print Marketing ("ProForma"), by and through its attorney, The Law Offices of Robert J. Lohr II, responds as follows:

## JURISDICTION AND PARTIES

1. Denied. The allegations of this paragraph are conclusions of law to which no response is required.

2. Denied. The allegations of this paragraph are conclusions of law to which no response is required.

3. Denied. The allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

4. Denied. The allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

5. Admitted.

6. Denied. The allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

7. Admitted in part; denied in part. It is admitted that ProForma is a company engaged in the printing business, including the preparation and duplication of printed products, printing, finishing and distribution of such printed products, including but not limited to

collective bargaining agreements. By way of further answer, it is denied that ProForma has engaged in an industry affecting commerce within the meaning or Sections 2(6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(6) and (7), as this allegation is a conclusion of law to which no response is required. To the extent the allegations in this paragraph relate to TPS, they are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

8. Denied. The allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

### FEDERAL CLAIMS
### COUNT I – TRADEMARK INFRINGEMENT

9. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

10. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

11. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

12. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity.

13. Admitted.

14. Admitted.

15. Admitted in part; denied in part. It is admitted that ProForma accepted a printing job from DART to produce and distribute collective bargaining agreements between DART and Amalgamated Transit Union Local 842. It is further admitted that DART provided to ProForma a copy-ready cover of that collective bargaining agreement. It is denied that the copy-ready cover of the collective bargaining agreement provided by DART to ProForma contained what purported to be an Allied Printing Trades or similar Union Label, as this allegation is a conclusion of law to which no response is required.

16. Admitted.

17. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

18. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity. Strict proof is demanded at trial.

19. Admitted in part; denied in part. It is admitted that sometime in April or May, 2004, TPS prepared artwork or a camera-ready copy of a collective bargaining agreement between

DART and Amalgamated Transit Union Local 842. It is further admitted that TPS was paid $3,810.76 by ProForma for their work on the collective bargaining agreements between DART and Amalgamated Transit Union Local 842. It is denied that TPS used employees who were not members or covered by a contract with Locals of Internationals affiliated with IAPTA, as ProForma is without knowledge or information sufficient to determine the veracity of this allegation. It is also denied that TPS shipped the finished product to ProForma, as said finished product was shipped directly to DART. By way of further answer, it is denied that the camera-ready copy bore an imitation of the Allied Union Label, as this allegation is a conclusion of law to which no response is required.

20. Admitted in part; denied in part. It is admitted that DART paid ProForma $3,083.32 for ProForma's work on the collective bargaining agreements between DART and Amalgamated Transit Union Local 842. It is denied that ProForma delivered the collective bargaining contracts to DART. Said collective bargaining contracts were delivered directly from TPS to DART.

21. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

22. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

23. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

24. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after

reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity. Strict proof is demanded at trial.

25. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

## COUNT II – FALSE DESIGNATIONS OF ORIGINS AND FALSE DESCRIPTIONS

26. Paragraphs 1 through 25 are incorporated herein as if fully set forth at length.

27. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

28. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

29. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity. Strict proof is demanded at trial.

30. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

WHEREFORE, Defendant ProForma respectfully requests that this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, enter judgment in favor of the ProForma and against the Plaintiffs, and award ProForma reasonable costs, attorneys' fees and other relief in law or equity that this Court deems appropriate.

## STATE LAW CLAIM
## COUNT III – MISUSE OF INSIGNIA

31. Paragraphs 1 through 25 are incorporated herein as if fully set forth at length.

32. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

33. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

34. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the allegations of this paragraph are denied for, after reasonable investigation, ProForma is without knowledge or information sufficient to determine their veracity. Strict proof is demanded at trial.

35. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, strict proof is demanded at trial.

36. Denied. The allegations of this paragraph are conclusions of law to which no response is required.

WHEREFORE, Defendant ProForma respectfully requests that this Honorable Court dismiss the Plaintiffs' Complaint with prejudice, enter judgment in favor of the ProForma and against the Plaintiffs, and award ProForma reasonable costs, attorneys' fees and other relief in law or equity that this Court deems appropriate.

The Law Offices of Robert J. Lohr II

Dated: July 6, 2005    By:    /s/ Robert J. Lohr II
Robert J. Lohr II
The Law Offices of Robert J. Lohr II
1246 West Chester Pike
Suite 312
West Chester, PA 19382
(610) 701-0222 - telephone
(610) 431-2792 - facsimile
bob@boblohr.com


CROSS & SIMON, LLC


By:    /s/ Donna L. Harris
Donna L. Harris (No. 3740)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (facsimile)
dharris@crosslaw.com